IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOSE G. TROCONIS-ESCOVAR, )
)
Plaintiff, )
)
vs. )
)
UNITED STATES OF AMERICA, )
U.S. DEPARTMENT OF JUSTICE, )
DRUG ENFORCEMENT )
ADMINISTRATION, and AGENTS, )
)
Defendants. )

## MOTION FOR RETURN OF SEIZED PROPERTY

NOW COMES Plaintiff, Jose G. Troconis-Escovar, by and through the undersigned counsel, Edward D. Johnson III, pursuant to Federal Rule of Criminal Procedure 41(g) and 18 U.S.C. § 983(a)(1)(F), respectfully requests this Court enter an order requiring the Government to return Plaintiff's property or initiate judicial forfeiture proceedings. In support thereof, states as follows:

## BACKGROUND

On April 9, 2020, Plaintiff was traveling with $146,000.00 in cash when DEA agents seized his property.[1] On July 23, 2020, Plaintiff retained the undersigned as legal counsel to contest the unlawful seizure of his property. The DEA issued notice of seizure on August 3, 2020. *See* Aug. 3 Notice of Seizure, hereafter **Exhibit A**. On August 27, 2020,

[1] Asset ID No.: 20-DEA-662388

Plaintiff submitted a petition for remission to the DEA. *See* Aug. 27 Petition for Remission, hereafter **Exhibit B**. The DEA sent a filing confirmation dated September 2, 2020. *See* Sep. 2 Filing Confirmation, hereafter **Exhibit C**. Plaintiff did not intend to submit an administrative petition. Instead, Plaintiff intended to submit a claim which would initiate judicial proceedings pursuant to 18 U.S.C. § 983. This was a filing error.

Under the belief that Plaintiff had submitted a claim, and not a petition, Plaintiff waited for notice of a civil complaint or the return of his property. The Government has 90 days after a claim has been filed to either file a complaint for forfeiture or return the property. *See* 18 U.S.C. § 983(a)(3)(A). After 90 days Plaintiff received no information regarding his property. After further investigation, the original filing error was discovered. On February 19, 2021, Plaintiff mailed the DEA a detailed letter explaining his circumstance and intent to correct the error. Plaintiff also included an amended claim. See Feb. 19 DEA Letter, hereafter **Exhibit D**. On March 26, 2021, Plaintiff received a reply from the DEA which stated in part "the DEA is unable to extend the deadline to file a claim". *See* Mar. 18 DEA Letter, hereafter **Exhibit E**. The DEA offered to accept supporting documentation to be considered administratively. *See* **Exhibit E**. However, Plaintiff never intended to proceed administratively and does not wish to pursue an administrative remedy. Since the DEA will not accommodate Plaintiff's request for judicial proceedings, Plaintiff is without an adequate legal remedy to challenge the Government's unlawful seizure and continued possession of his property.

## ARGUMENT

The Court has jurisdiction to resolve this issue. The Government's failure to comply with the notice deadline warrants the return of Plaintiff's property or the initiation of judicial proceedings. Plaintiff will suffer an irreparable harm and will be left with an inadequate remedy at law if the Court does not intervene. The Government must justify its continued possession of the property. The legal principle of equitable tolling is applicable to Plaintiff's filing error and thus his claim is timely. Finally, if Plaintiff cannot challenge the Government's seizure judicially, the Government's seizure violates the Eighth Amendment's Excessive Fines Clause.

### A. The Court has Jurisdiction to Resolve this Issue.

The court may properly exercise jurisdiction over this claim entirely upon equitable grounds. *One Gray Suitcase and Forty-Six Thousand Dollars in U.S. Currency v. U.S.,* No. 95 C 3126, 1996 WL 79416, at *1 (N.D. Ill. Feb. 21, 1996); *See also Interstate Cigar Co. v. United States,* 928 F.2d 221, 222 (7th Cir. 1991). "The Seventh Circuit recognizes 'an independent cause of action for return of property based on equitable jurisdiction of the federal courts.'" Id. at 222 n.1.

Federal Rule of Criminal Procedure 41(g) provides:

> Motion to Return Property. A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g). The rule states that the motion can be filed in the district where the property was seized. The property was seized in Chicago, IL, therefore venue is proper. *See U.S. v. Sims*, 376 F.3d 705, 708 (7th Cir. 2004).

A motion for the return of seized property brought by a party who is not subject to criminal charges, is properly considered a suit in equity, rather than an action under the Federal Rules of Criminal Procedure. *In re Certain Pharms. & Proc. of Northland Providers, Inc.*, 78 F. Supp. 2d 954, 960 (D. Minn. 1999); *See also Matter of Search of 4801 Fyler Avenue*, 879 F.2d 385, 387 (8th Cir.1989); *Chasteen v. U.S.*, 66 F. App'x 688, 689 (9th Cir. 2003) (A Rule 41(e)[2] motion is treated as a civil equitable proceeding when no criminal proceedings are pending); *Sims*, 376 F.3d at 707 (Claimant is not seeking damages; he is seeking the return of the seized property itself, an equitable remedy for which a motion under Rule 41(g) is the proper vehicle). "The proper office of a Rule 41(g), motion is, before any forfeiture proceedings have been initiated, or before any criminal charges have been filed, to seek the return of property seized without probable cause, or property held an unreasonable length of time without the institution of proceedings that would justify the seizure and retention of the property". *Id.*

A claimant may speed up the forfeiture process by filing an equitable action seeking an order compelling the filing of a forfeiture action or the return of seized property. *U.S. v. $874,938.00 U.S. Currency*, 999 F.2d 1323, 1326 (9th Cir. 1993). A claimant is able to

[2] *De Almeida v. U.S.*, 459 F.3d 377, 380 n.2 (2d Cir. 2006) (Rule 41 was reorganized in 2002. Previously, the subsection addressing motions to return property was Rule 41(e). In 2002, this subsection was redesignated Rule 41(g), without substantive change. Accordingly, courts have applied the case law concerning former Rule 41(e) to the current Rule 41(g). *See generally* 3A Charles Alan Wright, Nancy J. King & Susan R. Klein, *Federal Practice and Procedure*: Criminal 3d § 673 (2004)).

trigger rapid filing of a forfeiture action if he desires it. *U.S. v. Eight Thousand Eight Hundred and Fifty Dollars ($8,850) in U.S. Currency*, 41 U.S. 555, 569 (1983). A claimant can file an equitable action seeking an order compelling the filling of the forfeiture action or return of the seized property. *See Slocum v. Mayberry et al.*, 15 U.S. 1 (1817) (Marshall, C.J.). "If the seizing officer refused to institute proceeding to ascertain the for[f]eiture, the district court may, upon application of the aggrieved party, compel the officer to proceed to adjudication, or to abandon the seizure." *Id.* at *1-2. Less formally, the claimant could simply request that the Customs Service refer the matter to the United States Attorney. *$8,850 in U.S. Currency*, 41 U.S. at 569. Plaintiff has already requested the DEA refer the matter to the United States Attorneys Office and the DEA refused. *See* **Exhibit D**. Plaintiff wishes to challenge the merits of the seizure.

**B. The Government's Failure to Comply with the Notice Deadline Warrants the Return of Plaintiff's Property or the Initiation of Judicial Proceedings.**

18 U.S.C. § 983(a)(1)(A)(i) states that, absent extraordinary circumstances or an extension of time, the Government is required to send written notice to interest parties no later than 60 days after the date of the seizure, unless the forfeiture is an adopted forfeiture where the deadline is extended to 90 days. 18 U.S.C. § 983(a)(1)(A). If the government fails to meet this deadline, it must return the property without prejudice to the right to commence the forfeiture action at a later time. 18 U.S.C. § 983(a)(1)(F). The Seventh Circuit has previously held the Government to strict compliance as it relates to the notice requirements in forfeiture proceedings. *See Lobzun v. U.S.*, 422 F.3d 503, 507 (7th Cir. 2005) (Emphasizing that if the notice fails to comport with the requirements of due process,

the underlying forfeiture action is void); *see also Garcia v. Meza*, 235 F.3d 287, 290 (7th Cir. 2000).

Plaintiff's property was seized by the DEA on April 9, 2020, and the DEA issued the Notice of Seizure to Plaintiff on August 3, 2020. **See Exhibit A**. Plaintiff received the Notice of Seizure 116 days after the Government unlawfully seized his property. The notice sent was therefore not timely. Under the Due Process Clauses of the Fifth and Fourteenth Amendments, "individuals whose property interests are at stake due to government actions are entitled to notice of the proceedings and an opportunity to be heard." *Dusenbery v. United States*, 554 U.S. 161, 167-68 (2002).

18 U.S.C. § 983(a)(1)(A) was enacted, at least in part, to ensure due process and to afford individuals a prompt opportunity to challenge the Government's seizure of private property. Otherwise, the Government could hold private property indefinitely. The Court must acknowledge that when the Government failed to comply with the notice deadline, the Government clearly infringed on Plaintiff's due process rights to contest the seizure in a timely fashion. If the notice requirements are not enforced, the Government will be permitted to seize an individual's personal property without affording the individual a prompt opportunity to contest the legal basis of the seizure. There is no recognizable excuse for the Government's failure to comply with the notice requirements, and pursuant to 18 U.S.C. § 983(a)(1)(F), the Government must return Plaintiff's property. *See U.S. v. Assorted Jewelry with an Approximate Value of $219,860.00*, 386 F. Supp. 2d 9, 13 (D.P.R. 2005) (Finding that the Government's notice of seizure was inadequate when it sent the

Claimant notice 63 days after the seizure, and ordering the property be returned to the Claimant); *see also De Saro v. United States*, 173 F. App'x 760, 765-66 (11th Cir. 2006).

Some Courts have adopted the interpretation that the "without prejudice" language in 18 U.S.C. § 983(a)(1)(F) makes it "abundantly clear that inadequate notice does not immunize property from forfeiture." United States v. Salmo, No. 06-12909, WL 2006 2975503, at *3 (E.D. Mich. Oct. 17, 2006) (holding that failure to comply with notice requirements of § 983(a)(1)(A)(iv) does not require property to be returned when the government had commenced civil forfeiture proceedings subsequent to its untimely notice) (citing *United States v. Real Property Located at 1184 Drycreek Road*, 174 F.3d 720, 729 (6th Cir. 1999)). *See also United States v. $114,031.00 in U.S. Currency*, No. 06–21820–Civ., 2007 WL 2904154, at *3 (S.D. Fla. Oct. 4, 2007) ("[§ 983(a)(1)(F)] does not say that the Government is required to return the property before it can bring a forfeiture proceeding"); *Manjarrez v. United States*, No. 01 C 7530, 2002 WL 31870533, at *1 (N.D. Ill. Dec. 19, 2002) (rejecting the "argument that return of the property is a prerequisite to the filing of a forfeiture complaint"). If the Court were to apply this interpretation in Plaintiff's circumstance, the Government must, at the very least, be required to initial judicial forfeiture proceedings.

**C. Plaintiff Will Suffer an Irreparable Harm and Will Be Left with an Inadequate Remedy at Law If the Court Does Not Intervene.**

In order to invoke equitable jurisdiction, the movant must demonstrate an inadequate legal remedy and that irreparable injury will result if the court does not act. *U.S. v. Leal*, No. 85 Cr 764, 1996 WL 54236, at *4 (N.D. Ill. Feb. 7, 1996) (citing *Linarez v.*

*United Stats Dep't. of Justice*, 2 F.3d 208, 211-12 (7th Cir. 1993). Plaintiff challenges the Government's failure to initiate judicial proceedings after the Government was notified of Claimant's filing error. If Plaintiff is not afforded the opportunity to challenge the Government's unlawful seizure in a judicial proceeding, the Government will not be required to demonstrate its probable cause for the seizure.

The Government's continued retention of the property will be reasonable if it can show a specific nexus between the property and a continuing criminal investigation. *Interstate Cigar*, 928 F.2d at 224; *United States v. Crenshaw*, No. 02 C 7076, 2004 WL 742100, at *1 (N.D. Ill. Mar. 21, 2004) ("[A]n individual whose property has been seized is presumed to have a right to its return absent a showing by the government that it has a legitimate reason to retain the property."). Plaintiff will suffer irreparable harm unless the Court acts because, having no adequate legal remedy, Plaintiff has no means by which to challenge the Government's continued possession. "Whenever the Government seizes a significant amount of money and withholds it for an unreasonable length of time without bringing charges and without offering evidence to justify its continued withholding and without any indication as to when if ever charges will be filed, the plaintiff suffers irreparable harm." *Mr. Lucky Messenger Service, Inc. v. United States*, 587 F.2d 15, 18 (7th Cir. 1978).

Plaintiff's motion for the return of seized property must be considered a civil action brought in equity to recover property. *In re F.B.I. Seizure of Cash & Other Prop. From Edwards*, 970 F. Supp. 557, 560 (E.D. La 1997). Equitable principles require the Court consider all of the facts involved along with the possible existence of irreparable harm to

the movants and whether the movants have an adequate remedy at law. *Id.* (citing *Industrias Cardoen, LTSA v. United States*, 983 F.2d 49, 51 (5th Cir. 1994)). When an adequate remedy at law is available courts have and may dismissed motions for the return of property considering a court's natural hesitancy to exert its equity power. *Id.* However, the Court must be confident that the forum at law which is available will give the movants both a timely and adequate forum to assert their constitutional rights which are currently being raised in this equitable forum. *Id.* Only a judicial proceeding will allow Plaintiff to challenge the legal basis of the unlawful seizure. If a judicial forfeiture complaint is filed by the government against the cash the movants will have an adequate remedy at law and this matter could be dismissed. *In re F.B.I. Seizure*, 970 F. Supp. at 560.

**D. The Government Must Justify Its Continued Possession of the Property.**

The Advisory Committee Notes to the 1989 Amendment of Rule 41(e), currently redesignated as Rule 41(g), set out the general standard to be used in ruling on motions for the return of property:

> "reasonableness under all of the circumstances should be the test when a person seeks to obtain the return of property. If the United States has a need for the property in an investigation or prosecution its retention of the property is generally reasonable. But, if the United States' legitimate interests can be satisfied even if the property is returned, continued retention of the property would become unreasonable."

Advisory Committee Notes to the Amendment of Rule 41(e). The general practice of the Seventh Circuit conforms to this standard. *See, e.g., Mr. Lucky Messenger Service*, 587 F.2d at 15. In addition, the courts in this circuit also weigh several equitable factors in considering whether to grant a motion to return property. *Id.* at 17. These factors include

the movant's interest in the property, the likelihood of irreparable harm, and the availability of an adequate remedy at law to the movant. *See Id.*; *Interstate Cigar*, 928 F.2d at 223. Once the movant has established that these factors indicate return of the property, then the burden shifts to the government to justify its continued retention of the property. *Id.* at 223; *Mr. Lucky Messenger Service*, 587 F.2d at 18.

Plaintiff is the sole owner of the $146,000.00 in cash, and would face irreparable harm if the Court does not require the Government initiate judicial forfeiture proceedings because Plaintiff would be deprived of this significant property without an opportunity to challenge the merits of the unlawful seizure. The Government would also be vindicated in seizing Plaintiff's property without establishing probable cause. The only adequate remedy at law is for the Government to initial judicial proceedings against Plaintiff's property or return the property. The Court must require the Government to justify its continued retention of the property. This can be accomplished if the Government files a complaint against the property.

A court deciding a motion to return property must seek evidence on any factual issue necessary to decide the motion. Fed. R. Crim. P. 41(g); *Interstate Cigar*, 928 F.2d at 222; *Mr. Lucky Messenger Service*, 587 F.2d at 15 (remanding the case for a hearing where the government held private property for over seventeen months without bringing charges). However, Plaintiff only requests the Court require the Government to initiate judicial proceedings, at the very least. Judicial proceedings provide an adequate remedy at law for Plaintiff to challenge the Government's unlawful seizure, and at the same time, affords the Government an opportunity to justify its continued possession. An administrative remedy

affords no such opportunities and Plaintiff maintains its continued original intent to challenge the seizure judicially. *See* **Exhibit D**.

**E. The Legal Principle of Equitable Tolling is Applicable to Plaintiff's Filing Error and Thus His Claim is Timely.**

Plaintiff anticipates the Government will move to strike his Rule 41(g) Motion on the grounds that Plaintiff's claim to the property is untimely, and therefore, he does not have standing to contest the forfeiture judicially, and is limited to the DEA's administrative procedures. *See* **Exhibit E**. However, this is a mischaracterization of the issue. Plaintiff made a filing error but that error was still timely. The DEA issued notice of the seizure on August 3, 2020. *See* **Exhibit A**. On August 27, 2020, Plaintiff submitted a petition for remission to the DEA. *See* **Exhibit B**. In order to contest the forfeiture judicially, a claim must be filed within 35 days of the date of the Notice Letter, *see* **Exhibit A**. *See also* 18 U.S.C. § 983(a)(2). Plaintiff submitted his petition, what he believed was a claim, within the statutory deadline to file. When the filing error was discovered, Plaintiff submitted an amended claim. *See* **Exhibit D**.

Additionally, the general rules for civil forfeiture proceedings specifies the essential elements of a claim. It must "identify the specific property being claimed," "state the claimant's interest in such property," and must "be made under oath, subject to penalty of perjury." 18 U.S.C. § 983(a)(2)(C). Plaintiff's August 27, 2020, filing meets the requirements of a claim according to the statute, most importantly that the filing be made under oath. *See* **Exhibit B**. *See also Manjarrez v. United States*, No. 01 C 7530, 2002 WL 31870533, at *2 (N.D. Ill. Dec. 19, 2002) (Signaling the key distinction, and relative

importance, between a petition and a claim is the requirement that the claim be made under oath).

A party is generally entitled to equitable tolling if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented the timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable powers such as tolling allow a court to provide relief on a "case-by-case basis" if "specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." *Id.* at 650. Plaintiff was extremely diligent, acted in good faith, initiated correspondence with the Government, and provided the Government with an amended claim after the filing error was discovered. *See* **Exhibit D**. The original filing was also timely and met the statutory requirements of a claim. *See* **Exhibit B**.

Plaintiff contends equitable tolling of the deadline to file a claim to the property is appropriate in this case. In the Government's letter responding to Plaintiff's attempt to correct his filing error, the Government did not articulate how Plaintiff's delay was significant or prejudicial to the Government. See **Exhibit E**. Tolling the deadline still affords the Government the opportunity to support the merits of the seizure. Denying Plaintiff's Rule 41(g) Motion on this technical ground would release the Government of its burden of proof regarding the unlawful seizure and continued possession of Plaintiff's property, and would have a draconian effect on Plaintiff's case challenging the unlawful seizure. This result is especially harsh, and inequitable, in light of Plaintiff's timely filing, content specific compliance, diligence, good faith attempt to correct the error, and the lack of prejudice to the Government. Concluding otherwise simply ignores the "strong

preference for resolving disputes on the merits when possible, instead of determining the outcome solely on technical or procedural grounds." *U.S. v. Thirty-Four Thousand Nine Hundred Twenty-Nine and 00/100 Dollars ($34,929.00) in U.S. Currency*, No. 2:09-CV-734, 2010 WL 481250, at *3 (S.D. Ohio Feb. 5, 2010).[3]

**F. If Plaintiff Cannot Challenge the Government's Seizure Judicially, the Government's Seizure Violates the Eighth Amendment's Excessive Fines Clause.**

A forfeiture must not violate the Eighth Amendment to the United States Constitution which prohibits, among other things, the imposition of "excessive fines." U.S. Const., amend. VIII. The prohibition against excessive fines "limits the government's power to extract payments, whether in cash or in kind, as punishment for some offense." *Austin v. United States*, 509 U.S. 602, 609-610 (1993). Civil forfeiture proceedings serve, at least in part, to punish the owner of the property subject to forfeiture and are therefore subject to the excessive fines clause even though the forfeiture may also serve a remedial purpose. *Id.* at 621-22. A forfeiture violates the excessive fines clause if it is grossly disproportional to the gravity of the offense. *United States v. Bajakajin*, 524 U.S. 321, 334 (1998). The Plaintiff has not been charged with any crime. In fact, the Seventh Circuit has held that the discovery of a large sum of money does not establish probable cause to seize the currency.

---

[3] *See also United States v. $39,480.00 in U.S. Currency*, 190 F. Supp. 2d 929, 933 (W.D. Tex. 2002); *United States v. Nine Thousand Six Hundred Thrity Dollars ($96030.00) in U.S. Currency*, No. 2:05-CV-00334, 2006 WL 3813590, at *3 (D. Utah Dec. 21, 2006); *Beck v. United States*, No. CIV.A. WMN-10-2765, 2011 WL 862952, at *5 (D. Md. Mar. 10, 2011); *United States v. Six Hundred Fourteen Thousand Three Hundred Thirty-Eight Dollars & no Cents ($614,338.00) in United States Currency*, 240 F. Supp. 3d 287, 293 (D. Del. 2017); *United States v. $229,850.00 in U.S. Currency*, 50 F. Supp. 3d 1171, 1185 (D. Ariz. 2014).

> We reiterate that the government may not seize money, even half a million dollars, based on its bare assumption that most people do not have huge sums of money lying about, and if they do, they must be involved in narcotics trafficking or some other sinister activity. Moreover, the government may not require explanations for the existence of large quantities of money absent its ability to establish a valid narcotics-nexus.

*United States v. $506,231 in U.S. Currency*, 125 F.3d 442, 454 (7th Cir. 1997). District courts must compare the amount of the forfeiture to the gravity of the defendant's offense. If the amount of the forfeiture is grossly disproportional to the gravity of the offense, it is unconstitutional. *Bajakajin*, 524 U.S. at 336-37. If Plaintiff cannot challenge the legal basis for the unlawful seizure in a judicial proceeding, the uncontested forfeiture of his property would violate the Excessive Fines Clause because Plaintiff has not been charged with a crime, and the Government has not made any showing of criminal activity. Plaintiff's deprivation of his $146,000.00, without the opportunity to contest the unlawful seizure of his property, would reflect a grossly disproportional result. See *Bajakajin*, 524 U.S. at 334 (The touchstone of the constitutional inquiry under the Excess Fines Clause is the principle of proportionality: The amount of the forfeiture must bear some relationship to the gravity of the offense that it is designed to punish.) (citing *Austin v. United States*, 590 U.S. 602, 622-623 (1993)).

WHEREFORE, for the foregoing reasons, the Plaintiff, Jose G. Troconis-Escovar, respectfully requests that the Court enter an order requiring the Government to return Plaintiff's property or initiate judicial forfeiture proceedings, and for any other relief the Court deems necessary and just.

Date: April 13, 2021

Respectfully Submitted,

/s/ Edward D. Johnson III

Edward D. Johnson III
Attorney for Plaintiff
555. W. Jackson Blvd., Ste. 700
Chicago, IL 60661
Ofc: 708-606-4386
Fax: 708-526-9837
Edward@edwardjohnsonlaw.com