**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOSE G. TROCONIS-ESCOVAR, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, *et al.* <br><br> Defendants. | No. 21-cv-01989 <br> Judge Franklin U. Valderrama |

**ORDER**

Plaintiff Jose Troconis-Escovar (Plaintiff) initiated this case by filing a Motion for Return of Seized Property against defendants the United States of America, the U.S. Department of Justice (the DOJ), the Drug Enforcement Administration (the DEA), and unnamed agents (collectively, the Government). R. 1, Mot. Return.[1] Plaintiff brings his motion pursuant to Federal Rule of Criminal Procedure 41(g) and 18 U.S.C. § 983(a)(1)(F), and requests the Court enter an order directing the Government to return Plaintiff's property or initiate judicial forfeiture proceedings. *Id.* at 1.

The Government responds that the Court should deny Plaintiff's motion for lack of jurisdiction and, separately, on the merits under Section 983(e). R. 13, Resp. The Court denies Plaintiff's motion for lack of jurisdiction, as set forth in detail below.

**Statement**

On April 9, 2020, the DEA seized $146,000.00 in cash (the Property) from Plaintiff based on probable cause that the money constituted illegal proceeds of drug trafficking. Mot. Return at 1; Resp. at 2. The DEA issued a notice of seizure to Plaintiff on August 3, 2020. *Id.* In the notice, the DEA included instructions on filing a claim with the DEA and on filing a petition for remission or mitigation with the DEA. Resp. at 2. On August 7, 2020, Plaintiff submitted a petition for remission to the DEA, which the DEA received on August 27, 2020. Mot. Return at 1–2; Resp. at 3. On September 2, 2020, the DEA sent a confirmation of its receipt of Plaintiff's petition. Mot. Return at 2; Resp. at 3.

---

[1] Citations to the docket are indicated by "R." followed by the docket number or filing name, and, where necessary, a page or paragraph citation.

On February 19, 2021, Plaintiff mailed the DEA a letter, which the DEA received on February 22, 2021. Mot. Return at 2; Resp. at 3. In the letter, Plaintiff's counsel explained that he made a mistake and, in August 2020, he intended to submit a claim for Plaintiff to preserve his right to contest forfeiture of the Property pursuant to 18 U.S.C. § 983(a)(2)(B). R. 1-4, February Letter at 1. He purported to submit a claim form to the DEA and attached it to this letter. *Id.* On February 22, 2021, the DEA administratively forfeited the Property to the United States. Resp. at 3.

On March 18, 2021, the DEA sent a letter to Plaintiff's counsel "acknowledging [the] DEA's receipt of Attorney Johnson's February 22, 2021 letter, but declining to extend the deadline to file a claim because, as Troconis-Escovar's counsel had conceded, [the] DEA received the claim well after the expiration of the September 7, 2020 deadline for filing a claim in the administrative proceeding." Resp. at 3–4. Plaintiff's counsel received this letter on March 26, 2021. Mot. Return at 2. In this letter, the DEA offered Plaintiff's counsel an additional thirty days to submit information to support Plaintiff's petition for remission. Resp. at 4; Mot. Return at 2. No additional information was ever submitted. Resp. at 4. Plaintiff then initiated this proceeding before the Court.

## I.     Federal Rule of Criminal Procedure 41(g)

Pursuant to Federal Rule of Criminal Procedure 41(g), "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return . . . If [the court] grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings." Fed. R. Crim. P. 41(g). Motions under this rule are civil by nature. *U.S. v. Sims*, 376 F.3d 705, 708 (7th Cir. 2004). "The proper office of a Rule 41(g) [] motion is, *before any forfeiture proceedings have been initiated*, or before any criminal charges have been filed, to seek the return of property seized without probable cause, or property held an unreasonable length of time without the institution of proceedings that would justify the seizure and retention of the property." *Id.* (emphasis added). But, Rule 41(g) is not the correct remedy if the property at issue was administratively forfeited. *Turner v. Gonzales*, 2007 WL 1302126, at *1 (7th Cir. 2007) (citing *Sims*, 376 F.3d at 708; *United States v. Howell*, 354 F.3d 693, 695 (7th Cir. 2004). "Rule 41(g) is a vehicle for recovering seized but not forfeited property." *Id.* (same).

The Government argues that because the DEA has administratively forfeited the Property, the Court lacks jurisdiction to consider Plaintiff's motion under Rule 41(g). Resp. at 4–5 (citing *Sims*, 376 F.3d at 708; *United States v. $8,050.00 in U.S. Currency*, 307 F. Supp. 2d 922, 926–27 (N.D. Ohio 2004)). The Court agrees with the Government.

2

Thus, to the extent that Plaintiff seeks return of his forfeited Property via Rule 41(g), that relief must be denied because the Property has already been forfeited pursuant to the administrative procedure set out in 18 U.S.C. § 983. Plaintiff doubles down on his ability to use 41(g) in his reply but this ignores the fact that Rule 41(g) is not available to Plaintiff once his Property was no longer just seized, but instead, had been administratively forfeited. *See* R. 14, Reply at 4. Notably, Plaintiff fails to address this issue in his reply. Specifically, Plaintiff repeatedly claims that his issue lies not "with the Government's administrative procedures." Reply at 3. But, Plaintiff fails to develop any argument based on legal authority that would allow him to bypass the administrative forfeiture process even though he did not abide by its statutory requirements. The Court finds this lack of authority telling. While Plaintiff suggests that the DEA forfeiture process regarding the Property itself was never completed, the documents Plaintiff present do not show that. Reply at 6. Plaintiff claims that on March 18, 2021, the DEA wrote to Plaintiff's counsel that the administrative forfeiture would continue until at the very earliest April 17, 2021. *Id.* Not so, as the March 18, 2021 letter indicates that the DEA was unable to extended the deadline to file a claim pursuant to 28 CFR § 8.10 but that it would provide Plaintiff's counsel an additional 30 days to submit supplemental information as part of Plaintiff's petition for mitigation. R. 1-5. The DEA never continued the claim process.

While Plaintiff attempts to distinguish a case relied upon by the Government, *$8,050.00 in U.S. Currency v. U.S.*, 307 F. Supp. 2d 922, 926–27 (N.D. Ohio 2004) (*see* Reply at 4), Plaintiff's characterization of the case misses a key distinction. In that case, the plaintiff had filed his Rule 41(g) motion *before* the Government issued him a notice under 18 U.S.C. § 983(a)(1)(A)(i). *$8,050.00 in U.S. Currency*, 307 F. Supp. 2d at 926. The court noted that the plaintiff's filing of his motion "was entirely proper." *Id.* But, the court ultimately found that argument without merit in the light of the fact that the Government subsequently issued a notice to the plaintiff to begin the administrative process, thereby allowing the plaintiff an adequate remedy at law. *Id.* at 927.

Instead, to challenge an administrative forfeiture, a party must follow 18 U.S.C. § 983, which is the codification of the Civil Asset Forfeiture Reform Act of 2000 (the CAFRA). Accordingly, despite Plaintiff's attempts this to frame this as relief available under Rule 41(g), the Court must consider Section 983 as well.

## II.    18 U.S.C. § 983

Section 983 is "the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute." 18 U.S.C. § 983(e)(5); *see also Turner v. Attorney General of U.S.*, 579 F. Supp. 2d 1097, 1105 (N.D. Ind. 2008) ("Once the property is administratively forfeited, the district court is divested of jurisdiction to review the merits of the forfeiture . . . The exclusive remedy for a claimant challenging the administrative forfeiture is to file a motion to set aside the declaration of

3

forfeiture under 18 U.S.C. § 983(e)(1)"). And, a party seeking to set aside the forfeiture "is limited to claims of lack of adequate notice." *United States v. Brome*, 942 F.3d 550, 552 (2d Cir. 2019) (internal citation omitted); *see also* 18 U.S.C. § 983(e)(1).

Plaintiff argues that the Court has jurisdiction based on equitable grounds. Mot. Return at 3–5. In support of jurisdiction, he argues the that the Court "may properly exercise jurisdiction over this claim entirely upon equitable grounds." *Id.* at 3 (citing One Gray Suitcase and Forty-Six Thousand Dollars in *U.S. Currency v. U.S.*, 1996 WL 79416, at *1 (N.D. Ill. Feb. 21, 1996); *Interstate Cigar Co. v. United States*, 928 F.2d 221, 222 (7th Cir. 1991). He claims that the Seventh Circuit has recognized an independent cause of action for return of property based on the equitable jurisdiction of the federal courts. *Id.* (citing *Interstate Cigar Co.*, 928 F.2d at 222). Plaintiff further contends that to expedite the forfeiture process, a claimant can file an equitable action seeking an order to compel the filing of a forfeiture action or return the seized property. *Id.* at 4 (citing *U.S. v. $874,938.00 U.S. Currency*, 999 F.2d 1323, 1326 (9th Cir. 1993)).

Each of the primary cases Plaintiff references pre-dates the CAFRA, which went into effect in 2000 and applies to all civil forfeiture proceedings commenced on or after August 23, 2000. *See also Arevalo v. U.S.*, 2011 WL 442054, at *1 (E.D. Penn. Feb. 8, 2011) ("Section 983(e) codified the practice of federal courts in exercising equitable jurisdiction to review the merits of a forfeiture matter."). Plaintiff's reliance on cases pre-dating the CAFRA is misplaced for the proposition that the Court has equitable jurisdiction without considering the statutory requirements of 18 U.S.C. § 983. Plaintiff himself acknowledges that the Seventh Circuit has "has previously held the Government to strict compliance as it relates to the notice requirements in forfeiture proceedings." Mot. Return at 5 (citing *Lobzun v. U.S.*, 422 F.3d 503, 507 (7th Cir. 2005)). Accordingly, the Court must consider 18 U.S.C. § 983.

To start the administrative forfeiture process, the Government must provide notice to interested parties "in no case more than 60 days after the date of the seizure." 18 U.S.C. § 983(a)(1)(A)(i). On April 14, 2020, due to the COVID-19 global pandemic, the Chief Judge of this District issued an order extending this deadline for an additional 60 days for federal seizures of property that occurred between February 3, 2020 and May 4, 2020. R. 13-1, Exh. 1. The parties agree that that the Property was seized on April 9, 2020. Mot. Return at 1; Resp. at 2. So the Government had to issue its notice by August 7, 2020. The parties agree that the DEA issued a notice of seizure to Plaintiff on August 3, 2020. Mot. Return at 1; Resp. at 2.

Plaintiff argues that the Government failed to comply with the notice deadline under 18 U.S.C. § 983(a)(1)(A)(i), and therefore, it must return the Property to Plaintiff under U.S.C. § 983(a)(1)(F). Mot. Return at 5–7. Plaintiff's assertion, though, does not account for this District's deadline extension order. And, Plaintiff seemingly

4

abandons the timeliness argument in his Reply. Accordingly, the Government timely issued its notice.

"Any person claiming property seized in a nonjudicial civil forfeiture proceeding under a civil forfeiture statute may file a claim with the appropriate official after the seizure." 18 U.S.C. § 983(a)(2)(A). And it must be filed no later than the deadline set forth in the notice. 18 U.S.C. § 983(a)(2)(B). Pursuant to the notice, Plaintiff had to file a claim with the DEA by 11:59 eastern time on September 7, 2020. R. 13-1, Exh. 2 at 2. Here, it is undisputed that Plaintiff did not submit a claim by this deadline. In his February 19, 2021 letter, Plaintiff's counsel stated: "Mr. Troconis-Escovar received notice of seizure of property and initiation of administrative forfeiture proceedings on August 3, 2020. Mr. Troconis-Escovar contacted our office and we filed a petition for remission on August 27, 2020. This was a mistake, we intended to file a sufficient claim for Mr. Troconis-Escovar in order to preserve his right to contest the forfeiture of his property." February Letter at 1. Plaintiff's counsel goes on to state that the submission he previously made was defective. *Id.*

Within 90 days after a claim has been filed, the Government must file a forfeiture complaint or release the property. 18 U.S.C. § 983(a)(3). But, if no party files a claim within the deadline specified in the notice, the Government can declare the property forfeited. *See* 19 U.S.C. § 1609. Here, the DEA forfeited the Property to the United States pursuant to this statute on February 22, 2021. R. 13-1, Exh. 12. Accordingly, as of this date, the Property was administratively forfeited because Plaintiff did not timely file a claim.

Plaintiff's attempts to escape the statutory regime of the CAFRA, specifically the remedy provision, 18 U.S.C. § 983(e), in his reply (Reply at 1–2) are unconvincing. In fact, in his opening motion, Plaintiff seeks relief under Rule 41(g) and 18 U.S.C. § 983(a)(1)(F). Mot. Return at 1. He also contends that in August 2020, he intended to submit a claim "which would initiate judicial proceedings pursuant to 18 U.S.C. § 983." *Id.* at 2. Plaintiff also admits that the Government "has 90 days after a claim has been filed to either file a complaint for forfeiture or return the property." *Id.* (citing 18 U.S.C. § 983(a)(3)(A)). Plaintiff then asserts that the Government failed to comply with the notice requirements under 18 U.S.C. § 983(a)(1)(A), and as such, he is entitled to a return of the Property. Mot. Return at 5–7. Plaintiff repeatedly invokes the statutory protections of 18 U.S.C. § 983 but cannot then attempt to escape the remedy provision of 18 U.S.C. § 983 under section (e) based on his reliance on pre-CAFRA case law.[2]

---

[2]The Court also finds unpersuasive Plaintiff's equitable tolling argument as he cites to no legal authority allowing for equitable tolling in the context of the filing of a claim by an interested party under CAFRA, in the manner in which he suggests. *See* Mot. Return at 11–13. In *Manjarrez v. United States*, the court found that the plaintiff had never filed a claim.

5

Because Plaintiff failed to timely file a claim under 18 U.S.C. § 983, the DEA was within its rights to administratively forfeit the Property, and Plaintiff has no recourse under Rule 41(g). Accordingly, because of Plaintiff's failure to timely file a claim under 18 U.S.C. § 983, the Court lacks jurisdiction to consider his motion on the merits under 18 U.S.C. § 983 and denies the motion. The Court need not consider the parties' remaining arguments.

Dated: March 31, 2022

_____
United States District Judge
Franklin U. Valderrama

---

2002 WL 31870533, at *2–3 (N.D. Ill. Dec. 19, 2002). In *U.S. v. Thirty-Four Thousand Nine Hundred Twenty-Nine and 00/100 Dollars ($34,929.00) in U.S. Currency*, a non-binding out-of-circuit case, the plaintiff was challenging the timeliness of the Government's filing of a forfeiture complaint, but the court applied equitable tolling to the 90-day filing period for the Government as set forth in 18 U.S.C. § 983(a)(3) and allowing the Government's complaint to proceed. 2010 WL 481250, at *3 (S.D. Ohio Feb. 5, 2010). The plaintiff had timely filed a claim which was signed by his attorney and was accompanied by an affidavit signed by the plaintiff. But, after a letter from the DEA advising the plaintiff that he needed to submit the claim under the penalty of perjury and offering him a chance to remedy this deficiency, he submitted an additional claim which was signed by him within the deadline indicated in the deficiency letter. *Id.* Accordingly, the court extended the 90-day filing period for the Government to start on the date of this second submission. The facts of this case do not support Plaintiff's position. Additionally, the DOJ has previously indicated that there is a difference between a petition, which is what Plaintiff filed in August 2020, and a claim. *See* https://www.forfeiture.gov/FilingPetitionFAQs.htm. *See Denius v. Dunlap*, 330 F.3d 919 (7th Cir. 2003) (holding court abused its discretion in withdrawing judicial notice of information from National Personnel Records Center's website); *Outley*, 407 F. Supp. 3d at 767; *Ambrosetti v. Oregon Cath. Press*, 458 F. Supp. 3d 1013, 1017 (N.D. Ind. 2020) (collecting cases) ("[T]he Court may take judicial notice of public record information obtained from an official government website.").